Opinion filed July 26, 2018



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00223-CR

_____

## LESLIE RAY HASTINGS A/K/A LESLIE RAY HASTINGS, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR24255**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Leslie Ray Hastings a/k/a Leslie Ray Hastings, Jr., of aggravated sexual assault of a child. After Appellant pleaded "true" to two prior felonies alleged for enhancement purposes, the jury assessed his punishment at confinement for life in the Institutional Division of the Texas Department of

Criminal Justice.  In a single issue on appeal, Appellant asserts that the trial court erred in denying his motion for continuance to obtain expert testimony.  We affirm.

*Background Facts*

The indictment charged Appellant with intentionally or knowingly causing the penetration of the sexual organ of A.S., a child who was younger than fourteen years of age, with his sexual organ.  A.S. is the daughter of a woman that Appellant used to date.  She was thirteen years old at the time of trial.  Appellant lived in the same household with A.S. and her mother.  A.S. referred to Appellant as "Dad" because she felt like he was her father.

A.S. described a single incident occurring on her mother's birthday.  She testified that she was cooking in the kitchen while Appellant was in the living room playing a video game.  Appellant approached A.S. from behind, pulled her arm, and threw her against the refrigerator.  A.S. testified that Appellant then threw her onto the floor, pulled down her pants, and inserted his penis into her vagina.  She stated that Appellant stopped because the babysitter was to arrive soon.  Appellant told A.S. not to tell anyone and said that, if she did tell anyone, he would kill her family.

A.S. made an outcry to an adult relative a few days later.  A.S. was subsequently examined by Susie Striegler, a sexual assault nurse examiner (SANE), twelve days after the incident.  Striegler did not find any evidence of acute injuries of the vagina during her examination of A.S.  However, Striegler found a "disease process underway."  She based this determination on her observation of a thick drainage that she believed was caused by an infection.  Striegler did not test for a particular type of infection.  However, she listed several different infections that A.S. may have been suffering from, including Chlamydia, a sexually transmitted disease.  In this regard, a former sexual partner of Appellant testified that she had contracted Chlamydia from Appellant.

Appellant filed a written motion for continuance approximately two weeks prior to trial. Trial counsel alleged in the motion that he was not prepared for trial and that he needed more time for preparation. Appellant indicated that there were numerous witnesses to be interviewed and that the State's witness list, filed ten days earlier, listed thirty-four witnesses. The trial court heard the motion for continuance at a hearing held three days prior to trial. Defense counsel asserted at the hearing that the investigator had just completed his investigation and that, "[b]ased on a preliminary review of the [investigator's] report, I need to hire an expert witness to counter the SANE nurse testimony that is going to be offered by the State or proposed to be offered by the State. I just need additional time, Judge." The trial court denied the motion for continuance, noting the length of time that the case had been set for trial.

*Analysis*

Appellant based his written motion for continuance on a general need for more preparation time for trial counsel. At the hearing, he made a more specific request for time to hire an expert to counter the State's SANE testimony. On appeal, Appellant is asserting that the trial court's denial of his motion for continuance prevented him from presenting defensive issues to the jury. He cites *Ake v. Oklahoma*, 470 U.S. 68 (1985), in support of this contention.

In *Ake*, the Supreme Court held that due process may require that an indigent defendant be provided with funds for an expert's assistance if the defendant makes a sufficient threshold showing of the need for expert assistance on a particular issue. 470 U.S. at 82; *Ex parte Jimenez*, 364 S.W.3d 866, 876–77 (Tex. Crim. App. 2012). "[A] defendant does not have an absolute right to a state-appointed expert." *Ehrke v. State*, 459 S.W.3d 606, 615 (Tex. Crim. App. 2015). Instead, "there must be some preliminary showing of a significant issue of fact to require the court to appoint an expert." *Id.* at 617.

A defendant is not entitled to the appointment of an expert "when he offers 'little more than undeveloped assertions that the requested assistance would be beneficial.'" *Ex parte Jimenez*, 364 S.W.3d at 877–78 (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1 (1985)). Thus, a trial judge does not err in denying funds for an appointed expert if the defendant fails to set out the name of the requested expert, fails to explain why the expert is necessary, or fails to provide an approximate cost of the expert. *Id.* at 878.

The Texas Court of Criminal Appeals noted in *Jimenez* that a defendant must preserve an *Ake* complaint in the trial court because it is a record-based claim. *Id.* at 880–81. In this instance, Appellant did not make a request for funds to hire an expert for the defense. Furthermore, he did not make a showing of a particular need for a defensive expert supported by affidavit or other evidence of his defensive theory, and he did not identify the expert that he sought to retain. *See id.* at 881–82. Accordingly, Appellant's reliance on *Ake* is misplaced because he did not seek funds for an expert and did not make the requisite showing in the trial court supporting the need for a defensive expert.

An appellate court reviews a trial court's ruling on a motion for continuance for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007) (citing *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996)). To establish an abuse of discretion, Appellant must show that he was actually prejudiced by the denial of his motion. *Id.* With respect to a motion for continuance based on a need for more preparation time for counsel, an abuse of discretion will be found "only if the record shows with considerable specificity how the defendant was harmed by the absence of more preparation time than he actually had." *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010) (quoting George E. Dix & Robert O. Dawson, 42 *Texas Practice: Criminal Practice and Procedure* § 28.56 (2d ed. 2001)). A defendant can ordinarily make such a showing only at a hearing

on a motion for new trial because only then will he be able to produce evidence regarding what additional information, evidence, or witnesses the defense would have had available if the trial court had granted the motion for continuance. *Id.* at 842–43; *Nwosoucha v. State*, 325 S.W.3d 816, 825–26 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Appellant filed a motion for new trial. While he referenced the denial of his motion for continuance in the motion for new trial, he did not explain how the denial harmed him other than making a general claim that the denial deprived him of effective assistance of counsel. Furthermore, it does not appear that a hearing was held on the motion for new trial. Appellant did not assert at trial any specific harm he suffered because the trial court did not grant his motion for continuance. Also, Appellant did not make a subsequent request for additional time to retain an expert for the defense after Striegler testified. In the absence of a showing of harm from not having more time to prepare or to retain a defensive expert, the trial court did not abuse its discretion in overruling the motion for continuance. We overrule Appellant's sole issue.

### This Court's Ruling

We affirm the judgment of the trial court.

JOHN M. BAILEY
JUSTICE

July 26, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.